IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN ROBERT DEMOS,

    Plaintiff,

v.                                  CASE NO. 1:19-cv-20-MW-GRJ

UNITED STATES OF
AMERICA, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Monroe Correctional Complex in Monroe, Washington, initiated this *pro se* action by filing ECF No. 1, a "Motion for Review of a Constitutional Conflict and Crisis," ECF No. 2, a "Motion for Clarification," and a Motion for the Appointment of Counsel. ECF No. 3. Plaintiff did not pay the $400.00 filing fee, nor did he file a motion for leave to proceed as a pauper. The Court will not require Plaintiff to correct these deficiencies, however, because this case is due to be dismissed pursuant to the three-strikes bar under 28 U.S.C. § 1915(g).

1

A review of court records reveals that Plaintiff has a lengthy history of vexatious litigation in the federal courts. In fact, a Court in the Western District of Washington noted that Plaintiff is well-known in the state of Washington and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including the Western District of Washington, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See Demos v. U.S. Attorney Gen.*, No. MC10-54-MJP-JPD, 2010 WL 1980310, at *1 (W.D. Wash. Apr. 22, 2010), report and recommendation adopted, No. MC10-54-MJP, 2010 WL 1980308 (W.D. Wash. May 17, 2010).

Plaintiff is subject to the three-strikes bar of § 1915(g) because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff has also been advised of his status as a "three-striker" in this District and that he must allege imminent danger or pay the full filing fee. *See* Doc. 3 in Case No. 4:08-cv-233-SPM-WCS; Doc. 3 in Case No. 4:00-cv-370-WS. In the Report and Recommendations entered in both these previous cases, the Court took judicial notice of at least twenty-six cases filed by this Plaintiff that were dismissed as frivolous.

The Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case: 287455. Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to

filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff does not allege imminent danger of serious physical injury. Accordingly, the Court is satisfied that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 5th day of March 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

5